UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
TROIKA MEDIA GROUP, INC., TROIKA-MISSION
HOLDINGS, INC., MISSIONCULTURE LLC, and
MISSION MEDIA USA INC.,

                        Plaintiffs,

      -against-

NICOLA STEPHENSON, JAMES STEPHENSON
and ALLMAC LLC,

                        Defendants.
------------------------------------------------------------------- X

Index No.: 1:19-cv-00145-ER

**ORDER TO SHOW CAUSE
ON MOTION FOR CONTEMPT
AND MOTION TO BROADEN
<u>INJUNCTIVE RELIEF</u>**

      **UPON** the declaration of Dean R. Nicyper, dated January 28, 2019, and exhibit appended thereto, the declaration of Chris Broderick, dated January 28, 2019, and exhibits appended thereto, Plaintiffs Troika Media Group, Inc.'s, Troika-Mission Holdings, Inc.'s, MissionCulture LLC's, and Mission Media USA Inc.'s Memorandum of Law in Support of Plaintiffs' Order to Show Cause, dated January 28, 2019, Plaintiffs' Complaint, dated January 7, 2019, Plaintiffs' papers filed on January 7, 2019 in support of their previous application for a temporary restraining order and preliminary injunction, and proceedings had herein with regard to the present application, it is hereby:

      **ORDERED** that Defendant James Stephenson shall show cause before this Court, Room 619, of the United States District Court, Southern District of New York, at the Courthouse, 500 Pearl Street, New York, New York, on the 11th day of February, 2019 at 2:00 o'clock p.m., or as soon thereafter as counsel can be heard, why an order should not be issued, pursuant to 18 U.S.C § 401 and Local Civil Rule 83.6, finding Defendant James Stephenson in contempt of this Court's January 7, 2019 Temporary Restraining Order (the "January 7 TRO"), and awarding sanctions, attorneys' fees, and costs to Plaintiffs;

**AND IT IS FURTHER ORDERED** that Defendants Nicola Stephenson and James Stephenson (collectively, the "Stephenson Defendants") shall show cause before this Court, Room 619, of the United States District Court, Southern District of New York, at the Courthouse, 500 Pearl Street, New York, New York, on the 11th day of February, 2019 at 2:00 o'clock p.m., or as soon thereafter as counsel can be heard, why an order should not be issued against the Stephenson Defendants enlarging the injunctions contained in the January 7 TRO so that they include not only the injunctions listed in items (1) through (7) of the January 7 TRO, but also now include the following further injunctions: (8) enjoining the Stephenson Defendants, who are no longer employees of the MM companies, from using, accessing, or exercising any control, authority, or possession, indirectly or directly, over any property of TMG, MM, or any of their affiliated companies; (9) enjoining the Stephenson Defendants, who are no longer employees of the MM companies, from using, accessing, or withdrawing funds, indirectly or directly, from any bank accounts or other financial accounts held by, controlled by, or in the name of TMG, MM, or any of their affiliated companies; and (10) enjoining the Stephenson Defendants, who are no longer employees of the MM companies, from linking the payment of the balances of credit cards held in their names, in whole or in part, or the payment of any other bills, invoices, debts, obligations, or other financial accounts, to any bank accounts or other financial accounts held by, controlled by, or in the name of TMG, MM, or any of their affiliated companies;

  **AND IT IS FURTHER ORDERED** that, sufficient reason having been shown therefor, pending the hearing of this application, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that in addition to the injunctions set forth in items (1) through (7) of the January 7 TRO: (8) the Stephenson Defendants are enjoined from using, accessing, or

exercising any control, authority, or possession, indirectly or directly, over any property of TMG, MM, or any of their affiliated companies; (9) the Stephenson Defendants are enjoined from using, accessing, or withdrawing funds, indirectly or directly, from any bank accounts or other financial accounts held by, controlled by, or in the name of TMG, MM, or any of their affiliated companies; and (10) the Stephenson Defendants are enjoined from linking the payment of the balances of credit cards held in their names, in whole or in part, or the payment of any other bills, invoices, debts, obligations, or other financial accounts, to any bank accounts or other financial accounts held by, controlled by, or in the name of TMG, MM, or any of their affiliated companies;

      **AND IT IS FURTHER ORDERED** that, pursuant to Rule 5 of the Federal Rules of Civil Procedure, service of a copy of this order and the papers upon which it is granted shall be made on the Stephenson Defendants by email to their counsel David D. Holahan at Tannenbaum Helpern Syracuse & Hirschtritt LLP on or before January __, 2019, which shall be deemed good and sufficient service and notice thereof;

      **AND IT IS FURTHER ORDERED** that, pursuant to Rule 5 of the Federal Rules of Civil Procedure, service of a copy of this order and the papers upon which it is granted shall be made on AllMac by email to their counsel Timothy H. Wolf at Mintz & Gold LLP on or before January __, 2019, which shall be deemed good and sufficient service and notice thereof;

      **AND IT IS FURTHER ORDERED**, that papers opposing this motion, if any, shall be served by email to Plaintiffs' counsel, Dean R. Nicyper, Withers Bergman LLP, 430 Park Avenue, New York, New York, 10022, on February __, 2019, and that Plaintiffs' reply, if any, shall be served by email to Defendants' counsel, on or before February __, 2019.

**AND IT IS FURTHER ORDERED**, that Plaintiffs shall post additional security, if any, in the amount of $_____, by _____.

Dated:  New York, New York
        January 28, 2019

_____
United States District Judge
Edgardo Ramos