

**Tannenbaum Helpern
Syracuse & Hirschtritt** LLP

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

David D. Holahan
Writer's Direct Dial: (212) 508-6719
E-mail: holahan@thsh.com

February 7, 2019

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*RE: Troika Media Group, Inc. et al v. Nicola Stephenson, James Stephenson, and AllMac LLC, Index No. 19-CV-00145 (ER)*

Dear Judge Ramos:

Defendants Nicola Stephenson and James Stephenson (the "Stephensons") hereby submit their pre-motion letter pursuant to Rule 2Aii of this Court's Individual Practices. The Stephensons intend to file a motion to compel arbitration under the Federal Arbitration Act and to dismiss the Complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). The Stephensons request a pre-motion conference in connection with this letter, and intend to submit their motion pursuant to a briefing schedule to be set by the Court.

**a. Factual Background**

This action arises from a Complaint filed by Plaintiffs Troika Media Group, Inc. ("Troika"), Troika Mission Holdings, Inc. ("Troika Holdings"), MissionCulture LLC ("Mission Culture") and Mission Media USA, Inc. ("Mission USA", together with Mission Culture and non-party Mission Media Ltd., the "Mission Companies" and, together with Troika, Troika Holdings and Mission Culture, the "Plaintiffs").

Certain of the claims alleged in the Complaint arise from the Stephensons' June 2018 sale to Plaintiffs of the Mission Companies pursuant to two sales agreements. The sales agreements called for Plaintiffs to provide the Stephensons with up-front consideration for the Mission Companies, as well as more than $20 million additional consideration in back-end payouts if the Mission Companies met certain performance targets. In addition, the Stephensons entered into employment agreements with Plaintiffs, which allowed them to continue running the Mission Companies as executives and directors. On January 4, 2019, Plaintiffs terminated the Stephensons' employment without cause in a bad faith effort to deprive them of more than $20

million in consideration the Stephensons are owed in exchange for the sale of the Mission Companies – which the Stephensons spent the better part of the last 15 years building – to Troika.

Apparently recognizing the groundless basis for their termination of the Stephensons, Plaintiffs filed the present Complaint on January 7, 2019. The Complaint alleges various causes of action, the vast majority of which arise under the Stephensons' employment agreements.

### b. Motion to Compel Arbitration

The Stephensons intend to move to compel arbitration of all Plaintiffs' claims arising from the Stephensons' employment by the Mission Companies. Disputes concerning the Stephensons' employment, as here, are subject to and governed by executive employment agreements that contain express and broadly-worded, binding arbitration clauses. Moreover, under the Federal Arbitration Act (the "FAA"), "[a] written provision in ... a contract ... to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Pursuant to these provisions and the clear federal policy favoring arbitration, Plaintiffs must arbitrate any and all claims they allege in the Complaint that arise from the Stephensons' employment.

### c. Motion to Dismiss

#### 1. Plaintiffs' First Cause of Action is Inadequately Pled.

The Stephensons also intend to seek dismissal of Plaintiffs' First Cause of Action, which alleges that the Stephensons violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA") and the Stored Communications Act, 18 U.S.C. §§ 2701-2712 (the "SCA"). A civil plaintiff alleging a CFAA violation must plead sufficient facts showing knowing or intentional unauthorized use of a computer under one of the relevant subsections, as well as damages or losses resulting from the conduct, aggregating at least $5,000 in value. (18 U.S.C. 1030 § (g).) Depending on the subsection, a plaintiff must also allege sufficient facts showing that information was obtained through the unauthorized access, or that the access was accompanied by an intent to defraud or cause damage. (*See* e.g., 18 U.S.C. 1030 § (a)(4); § (a)(5)(A).) Similarly, as relevant here, to state a claim for violation of the SCA, a plaintiff must plead sufficient facts showing that (1) the defendant intentionally accessed, without authorization, a "facility through which an electronic communication service is provided," and (2) thereby obtained or prevented authorized access to a wire or electronic communication while it is in electronic storage in such system. 18 U.S.C.A. § 2701.

The Stephensons' motion to dismiss will establish that Plaintiffs have not adequately pled their CFAA and SCA claims. Both alleged violations turn on Plaintiffs' belief that Nicola Stephenson accessed her company email account without authorization after she was terminated. (Compl. ¶¶ 50-58.) But the only actual fact they plead in support of this belief is that Nicola's password "was changed," (Compl. at ¶ 52), as well as improper or otherwise erroneous speculation and innuendo. Plaintiffs' CFAA and SCA claims also fail because the Complaint does not allege sufficient facts showing, among other things, that any documents or communications were obtained as a result of any alleged unauthorized access.

### 2. Plaintiffs Sixth Cause of Action is Inadequately Pled.

The Stephensons also intend to seek dismissal of Plaintiffs' Sixth Cause of Action, which alleges that the Stephensons committed federal securities fraud in violation of Section 10b of the Securities Exchange Act, 15 § U.S.C. 78j and Securities Exchange Commission Rule 10b5, 17 C.F.R. § 240.10b-5. (Compl. ¶¶ 92-99.) To state a claim under Section 10(b) and Rule 10b–5, a plaintiff must plead sufficient facts showing "(i) a material misrepresentation or omission; (ii) scienter; (iii) a connection with the purchase or sale of a security; (iv) reliance by the plaintiff(s); (v) economic loss; and (vi) loss causation." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 122 (2d Cir. 2013) (citation omitted). The plaintiff also "must satisfy" the heightened pleading requirement of Rule 9(b). *Harris v. AmTrust Fin. Servs., Inc.*, 135 F. Supp. 3d 155, 169 (S.D.N.Y. 2015), *aff'd*, 649 F. App'x 7 (2d Cir. 2016).

The Stephensons will demonstrate in their motion to dismiss that, as with Plaintiffs CFAA and SCA claims, Plaintiffs' allegations concerning the Stephensons' violations of the relevant federal securities fraud laws fall woefully short. Plaintiffs allege that the Stephensons committed federal securities fraud because four months after the Stephensons sold them the Mission Companies, Plaintiffs supposedly "discovered" that around $1.5 million on Mission USA's balance sheet "appeared" to have gone unaccounted for. (Compl. ¶ 93.) However, these allegations are wholly insufficient to meet Rule 9(b)'s heightened pleading requirement, which requires that a plaintiff allege "the actual fraudulent statements or conduct … with particularity." *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 267 (2d Cir. 1996). The Stephensons will further show that Plaintiffs have failed to adequately plead scienter—as well as the other elements of their securities fraud claims—with the requisite particularity. Finally, the motion to dismiss will establish that Plaintiffs' security fraud claims (as well as their other causes of action) fail as a matter of law because the facts alleged are internally inconsistent and untrue, as confirmed by the documents Plaintiffs attach, reference, and rely upon in the Complaint.

### d. The Court Should Not Exercise Supplemental Jurisdiction Over Plaintiffs' Remaining Causes of Action.

Finally, the Stephensons will demonstrate that the Court should not exercise supplemental jurisdiction over Plaintiffs' remaining state-law causes of action because Plaintiffs' First and Sixth Causes of Action – both which are subject to dismissal – provide the only basis for this Court's original subject matter jurisdiction. "[A]fter all federal claims have been dismissed, the default rule is that federal courts should not decide related state–law claims unless there is good reason for doing so." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 404 (2d Cir. 2017).

Sincerely,

*David D. Holahan*

David D. Holahan