UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

TROIKA MEDIA GROUP, INC., TROIKA MISSION HOLDINGS, INC., MISSIONCULTURE LLC, AND MISSION MEDIA USA, INC.,

    Plaintiffs,

-against-

NICOLA STEPHENSON, JAMES STEPHENSON, and ALLMAC LLC,

    Defendants.

Index No. 19-cv-00145 (ER)

---

**DEFENDANTS NICOLA AND JAMES STEPHENSON'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' SECOND MOTION FOR CONTEMPT**

David D. Holahan
Richard W. Trotter
TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
Phone No. (212) 508-6700
Holahan@thsh.com
Trotter@thsh.com and

*Attorneys for Defendants Nicola Stephenson
and James Stephenson*

Defendants Nicola Stephenson and James Stephenson (the "Stephensons") submit this Memorandum of Law in Opposition to the Second Motion for Contempt (ECF No. 20, the "Second Contempt Motion") by Plaintiffs Troika Media Group, Inc. ("Troika"), Troika Mission Holdings, Inc. ("Troika Holdings"), MissionCulture LLC ("Mission Culture") and Mission Media USA, Inc. ("Mission USA", together with Mission Culture and non-party Mission Media Ltd., the "Mission Companies" and, together with Troika, Troika Holdings and Mission Culture, the "Plaintiffs").

## PRELIMINARY STATEMENT

On February 5, 2019, as the Stephensons were preparing to file their opposition to Plaintiffs' first motion for contempt and sanctions against James Stephenson, Plaintiffs filed their Second Contempt Motion – this time, against Nicola Stephenson. Plaintiffs advance a multitude of false and manifestly outrageous assertions in support of their Second Sanctions Motion – including the incredible claim that Nicola should held in contempt as a result of the publication of an unfavorable article by one of the largest newspapers in Britain. But for all of Plaintiffs' hyperbole and invective, their request for contempt and the broadening of injunctive relief must be denied for one very basic reason – they have failed to present any evidence (let alone clear and convincing evidence) that Nicola Stephenson solicited any client or employee, or interfered with Plaintiffs' business in any way.

## STATEMENT OF FACTS

For a full statement of the facts relevant to the Stephensons' opposition to the Second Sanctions Motion, the Stephensons respectfully refer the Court to the Declaration of Nicola Stephenson, dated February 8, 2019 and submitted herewith ("N. Stephenson Decl."), and the exhibits thereto, which the Stephensons incorporate by reference herein.

**ARGUMENT**

I. **PLAINTIFFS ARE NOT ENTITLED TO A FINDING OF CONTEMPT**

In order to warrant a finding of contempt, Plaintiffs must present clear and convincing evidence that: (1) the order the non-movant failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the non-movant has not diligently attempted to comply in a reasonable manner. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 291 (2d Cir. 2008). The Temporary Restraining Order entered by this Court on January 7 (ECF No. 3, the "TRO") does not prohibit all communications with any individual or entity, but rather enjoins communications with Plaintiffs' **actual clients and employees** which "disrupt or interfere[] with Plaintiffs' business." Plaintiffs' entire request for injunctive relief and contempt therefore turns on their ability to establish some kind of solicitation of Plaintiffs' clients or employees, or actual interference with Plaintiffs' business, by clear and convincing evidence. But the emails annexed to the Declaration of Christopher Broderick (ECF No. 22, the "Broderick Declaration") fail to even approach this standard.

First and foremost, Plaintiffs have failed to even introduce a single communication between Nicola Stephenson **and an actual client of the Mission Companies**. The January 23, 2019 email attached as Exhibit 1 to the Broderick Declaration was sent on behalf of Serena Rees who, despite Plaintiffs' erroneous assertions to the contrary, is not (and never has been) a client of the Mission Companies or Plaintiffs at any point. (N. Stephenson Decl.[1] ¶¶ 8-12.) In fact, prior to her termination, Nicola Stephenson presented Plaintiffs with a proposal whereby they would provide services to Rees' company – which Plaintiffs rejected – and as a result, Plaintiffs

---

[1] Declaration of Nicola Stephenson dated February 8, 2019 and submitted herewith.

never entered into a contract of any kind with Rees or her company. (*Id.* ¶ 12.) Because the TRO refers only to **actual clients of Plaintiffs** (as opposed to potential or prospective clients), Exhibits 1 and 2 to the Broderick Declaration are utterly irrelevant and provide absolutely no proof of a violation of the TRO.

Moreover, even if Rees were a client, the emails are completely innocuous because Nicola Stephenson is not soliciting Rees in anyway. (*Id.* ¶¶ 13-17.) Instead, Rees was contacting Nicola to invite her to become a partner and investor in her fashion business, Les Girls Les Boys ("LGLB"). (*Id.* ¶ 16.) In anticipation of joining LGLB, Nicola has even tried to **pave the way for LGLB to work with the Mission Companies** notwithstanding her ongoing dispute with Plaintiffs. (*Id.* ¶ 17, Ex. A.) Even after her improper termination by Plaintiffs, and their attempt to deprive her of millions of dollars she is rightfully owed, Nicola Stephenson encouraged Rees to remain open to the possibility of working with the Mission Companies, so long as Plaintiffs were comfortable working with Nicola in her capacity as the new Managing Director of LGLB's U.S. operations. (*Id.*)

Similarly, Exhibit 3 to the Broderick Declaration is an email exchange between Nicola Stephenson and various non-parties that Plaintiffs tacitly concede are also **not clients of the Mission Companies**. (*Id.* ¶ 20.) Plaintiffs nevertheless attempt to manufacture a TRO violation by claiming that Stephenson held herself out as an employee of the Mission Companies by virtue of a subject line **that Nicola did not even draft**. (*Id.* ¶ 27.) By Plaintiffs' logic, Nicola's failure to immediately announce her departure from the Mission Companies is itself sanctionable, but they ignore the fact that she updated her LinkedIn profile to demonstrate to the world that she was no longer employed by the Mission Companies on February 2, 2019 – three days prior to the filing of Plaintiffs' Second Sanctions Motion. (*Id.* ¶ 25, Ex. B.)

In addition, Plaintiffs' Second Sanctions Motion ignores the fact that Kyle DeFord and Jenna Lyons (the non-parties that exchanged these emails with Nicola) are not even **prospective clients** of the Mission Companies (they are building a hotel that is two years away from completion), or that Nicola was demonstrably **not** soliciting their services in an way (undermining Plaintiffs' facile claim of "competition"). (*Id.* ¶ 29.)

The email exchanged between Nicola Stephenson and Mission Company employee Jono Wylie and attached as Exhibit 4 to the Broderick Declaration is a similar non-event. Wylie is a Mission Company Strategist that is currently on sabbatical working for a charity organization run by Nicola Stephensons' personal friend – who is not a client of Plaintiffs or the Mission Companies. (*Id.* ¶ 32.) The email exchange attached as Exhibit 4 to the Broderick Declaration includes only one email sent by Nicola after the entry of the TRO, in which she responds to an inquiry from Wylie as to how to handle the issue of her departure as follows: "No news – we are currently negotiating next steps – I will let you know when we are releasing anything officially or if there are any issues." (Broderick Decl. Ex. 4 at 1.) Notably absent from the email is any attempt by Nicola to: (1) solicit Wylie; (2) solicit any client of the Mission Companies; or (3) interfere with the operation of their business in any cognizable way. To the contrary, she was attempting to avoid any disruption to the Mission Companies' business as a result of her departure. (*Id.* ¶¶ 35-37.)

In short, Plaintiffs have failed to introduce **any** evidence that Nicola Stephenson violated the TRO, and the motion for contempt must be denied as a result. *Medallic Art Co. Ltd. v. Novas Mktg., Inc.*, No. 00-CV-502, 2003 WL 22053130, at *1 (S.D.N.Y. Sept. 2, 2003) (citation omitted); *see King*, 65 F.3d at 1060 (no contempt found where plaintiff attempted to impose obligations on defendant that were not explicitly within the order).

## II.   PLAINTIFFS ARE NOT ENTITLED TO INJUNCTIVE RELIEF

In order to obtain preliminary injunctive relief, Plaintiffs must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *See, e.g., Polymer Technology Corp. v. Mimran*, 37 F.3d 74, 77–78 (2d Cir. 1994). For all the reasons set forth in Section I *supra*, and in the N. Stephenson Declaration, Plaintiffs' request for additional injunctive relief should also be denied. Plaintiffs are not likely to succeed on the merits of their claims, and are at no risk of suffering irreparable harm, because Nicola Stephenson has not even attempted to solicit Plaintiffs' clients or interfere with their business. (N. Stephenson Decl. ¶ 5.)

Moreover, even if Plaintiffs were entitled to additional injunctive relief (and they are not), the relief proposed by Plaintiffs is wildly overbroad. For example, Plaintiffs' proposed injunction against the Stephensons "communicating with TMG's and MM's investors and shareholders" would violate all accepted rules of corporate governance. As ten percent minority shareholders in Troika (an entity incorporated under Nevada law), the Stephensons have an absolute right to communicate with their fellow shareholders. *See e.g.* Nevada Revised Statutes § 78.105 (2018). Indeed, to enjoin shareholders from communicating with the other shareholders of the business would contravene a widely accepted, and crucial component, of corporate practice and governance. Simply put, as shareholders of Troika, the Stephensons have a right to communicate with other shareholders – whether Plaintiffs are willing to accept that reality or not. What Plaintiffs also fail to accept is the fundamental principle that the shareholders of a corporation own that corporation, and that the directors and officers of that corporation are merely temporary stewards of the business, to be elected, re-elected or replaced as the

shareholders see fit in accordance with Nevada law and the corporation's bylaws and certificate of incorporation.

In addition, Plaintiffs' request that the Stephensons be enjoined form "communicating with any third party in such a way as to harm TMG or MM or negatively affect their business" is wildly overbroad and hopelessly vague. Injunctive relief is an extraordinary remedy, and must be narrowly tailored to prevent the alleged irreparable harm in question. *Empresas Cablevision, S.A.B. de C.V. v. JPMorgan Chase Bank*, N.A., 381 F. App'x 117, 118 (2d Cir. 2010) (preliminary injunctions are "required to be narrowly tailored to fit specific legal violations"). Enjoining the Stephensons in the manner proposed by Plaintiffs would give them a blank check to cry foul any time the Stephensons uttered a word that Plaintiffs found offensive, and allow them to run into Court with a never-ending series of contempt motions with little or no basis in reality – which, given the frivolous motions now before this Court, is something they will most certainly do.

### III. PLAINTIFFS' REQUEST FOR EXPEDITED DISCOVERY SHOULD BE DENIED

Plaintiffs' request for expedited discovery should also be denied. In order to justify an order of expedited discovery, Plaintiffs must not only meet the standard for a preliminary injunction – which, as set forth in Section II, they cannot do – they must also present evidence that irreparable harm will be greater in the absence of expedited discovery. *Don King Prods., Inc. v. Hopkins*, No. 04 Civ. 9705, 2004, WL 2997800, at *2 (S.D.N.Y. Dec. 23, 2004). Notably, Plaintiffs fail to even acknowledge this standard, let alone satisfy it. Moreover, even if Plaintiffs could meet this standard (and they cannot), requests for expedited discovery must be narrowly tailored, and Plaintiffs' present requests are clearly overbroad. *See Irish Gay and Lesbian Org. v. Giuliani*, 918 F.Supp. 728, 730-31 (S.D.N.Y.1996).

In addition, on February 7, 2019, the Stephensons filed a letter requesting a pre-motion conference on their impending motion to compel Plaintiffs to arbitrate those claims arising out of the Stephensons' employment agreements (or otherwise pertaining to the term or termination of their employment by Plaintiffs), and to dismiss Plaintiffs' remaining claims in their entirety (the "Pre-Motion Letter"). (*See* ECF No. 29.) As set forth in the Pre-Motion Letter, the Stephensons will show that Plaintiffs have wrongfully filed claims subject to an exceedingly broad arbitration clause (drafted by Plaintiffs) before this Court, and that – to the extent Plaintiffs' wish to adjudicate these claims – they are required to do so as part of the AAA arbitration initiated by the Stephensons on January 25, 2019 (Case No. 01-19-0000-3679), which is currently pending the New York office.

Plaintiffs should not be allowed to engage in a speculative fishing expedition based on clearly erroneous assertions of fact before the Stephensons' motion has been decided, and before this Court can properly assess the propriety or scope of the action currently pending before it. *Crane Co. v. Coltec Indus. Inc.*, No. 98 CIV. 8838 (BSJ), 1999 WL 38251, at *1 (S.D.N.Y. Jan. 28, 1999), *aff'd*, 171 F.3d 733 (2d Cir. 1999) (Denying plaintiff's request for expedited discovery, pending resolution of defendant's anticipated motion to dismiss the Complaint.)

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Second Contempt Motion in its entirety, and grant such other relief as the Court deems just and proper.

Dated: February 8, 2019

                                          TANNENBAUM HELPERN SYRACUSE
                                          & HIRSCHTRITT LLP

                                          By:   /s/ David D. Holahan
                                                  David D. Holahan
                                                  Richard W. Trotter
                                          900 Third Avenue
                                          New York, New York 10022
                                          Phone No. (212) 508-6700
                                          Holahan@thsh.com and
                                          Trotter@thsh.com
                                          *Attorneys for Defendants Nicola and*
                                          *James Stephenson*