UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
TROIKA MEDIA GROUP, INC.,                             :
TROIKA-MISSION HOLDINGS, INC.,                        : Civil Action No.: 19-cv-00145 (ER)
MISSIONCULTURE LLC, MISSION-MEDIA            :
HOLDINGS LIMITED, MISSION-MEDIA LTD.,         :
and MISSION MEDIA USA INC.,                           :
                                                      :
                          Plaintiffs,                 :
                                                      :
         -- against --                                :
                                                      :
NICOLA STEPHENSON, JAMES STEPHENSON,:
and ALLMAC LLC,                                       :
                                                      :
                          Defendants.                 :
---------------------------------------------------------------x

## MEMORANDUM OF LAW

Plaintiffs respectfully submit this memorandum of law in support of their motion, pursuant to 9 U.S.C. § 7 and Fed. R. Civ. P. 45, to hold non-party witness Mishcon de Reya LLP ("Mishcon") for its deliberate refusal to respond to a lawfully issued Summons compelling it to appear before the Arbitrator in a JAMS Arbitration.

### Statement of Facts

The Court is respectfully referred to the accompanying Declaration of David Sack and the exhibits attached thereto for a complete recitation of the facts that support this motion.

### ARGUMENT

### I.
### PLAINTIFFS ARE ENTITLED TO AN ORDER OF CONTEMPT

A proper Summons was issued by the Arbitrator on February 14, 2020, and served by personal delivery upon Mishcon at the location that was, at the time, listed on their website as its New York office on February 18, 2020. The Summons commanded Mishcon's

presence at JAMS before the Arbitrator on March 9, 2020, and for its designated witness to bring with him or her certain documents specified in the Summons.

Mishcon failed to interpose a timely objection to the Summons, or to make a motion to quash it to this or to any other Court.  On March 9, 2020, Mishcon failed to appear as commanded by the Summons, and failed to bring any responsive documents.  On March 12, 2020 the Arbitrator noted Mishcon's default and gave Plaintiffs leave to seek relief pursuant to section 7 of the Federal Arbitration Act, and such other relief permitted by law.

9 U.S.C. § 7 provides that "[i]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States."

As demonstrated by the exhibits to the accompanying Declaration, Mishcon was duly served with the Arbitrator's Summons at the address of its New York office.  Follow-up service by mail ensured that Mishcon received ample notice of the hearing date and the command to appear for testimony and bring with it certain documents relevant to the claims and defenses asserted in the Arbitration.  Despite such actual notice, Mishcon neither objected to the Summons before the Arbitrator, nor made a motion to quash the Summons to this or to any other Court.  Nevertheless, Mishcon failed to appear at the March 9, 2020 hearing or to proffer an excuse for its refusal to obey the Summons.

To the contrary, Mishcon, which held itself out as an international law firm with offices in London and New York, takes the position that it was entitled to ignore the Summons

because the Summons was purportedly directed only to the London office and was only served upon the New York office, which Mishcon claims is a separate legal entity operating as a limited liability partnership under the name Mishcon de Reya New York LLP.  While Mishcon contends that the New York entity has been dissolved, the fact is that it is still listed as an active limited liability partnership by the New York Secretary of State.  *See* Exhibit 6 to the accompanying Declaration.

As demonstrated below, none of these excuses have any merit in fact or law, thus, Mishcon's refusal to obey the Summons is both willful and without excuse, justifying an Order from the Court finding Mishcon in contempt of the Summons, compelling its compliance therewith, and sanctioning Mishcon in a manner that the Court determines, including an award to Plaintiffs of their costs of bringing this motion, including reasonable attorneys' fees.

## II. MISHCON IS SUBJECT TO THE JURISDICTION OF THIS COURT

According to the New York Secretary of State database, Mishcon registered as a New York limited liability partnership on January 8, 2010 under the name Mishcon de Reya New York LLP, maintaining a continuous presence in New York City for just over 10 years before it was served with the Summons.  Lest there be any doubt that Mishcon's New York office was affiliated with its London headquarters, Mishcon's letterhead (Exhibit 9 to the accompanying Declaration) advertises that fact on its face.  Moreover, Mr. Brown, Mishcon's London based general counsel, conceded that the London office consulted with the New York office about the very events that are at issue in this Arbitration – the insolvency proceedings commenced in the U.K. by Mishcon in the name of, and purportedly on behalf of Plaintiffs' English affiliates.

Rule 7.5(b) of the New York State Rules of Professional Conduct (22 N.Y.C.R.R. Part 1200.0 *et seq.*, dated as of January 1, 2017), provides that "A lawyer in private practice shall not practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under such name, or a firm name containing names other than those of one or more of the lawyers in the firm, except that the name of a professional corporation shall contain "PC" or such symbols permitted by law, the name of a limited liability company or partnership shall contain "LLC," "LLP" or such symbols permitted by law."

In a formal opinion issued in 1994, the New York City Bar Association Committee on Professional and Judicial Ethics, analyzing a question posed with nearly identical facts – a New York affiliate of a German law firm that was also claimed to be a separate entity distinct from the German firm – ruled that identifying the affiliation on letterhead without there actually being an affiliation would constitute a misleading statement, and run afoul of the predecessor rule to Rule 7.5(b).  *See* Association of the Bar of the City of New York, Committee on Professional and Judicial Ethics, Formal Ethical Opinion No. 1994-4, 1994 WL 780803 at *3 (May 5, 1994).  Mishcon's contention of no affiliation between the two offices despite advertising to the contrary also runs afoul of New York General Business Law §§ 349-350, generally prohibiting false and misleading advertising.

Here, where attorneys were practicing law in New York for 10 years under the Mishcon name, and where the London office of Mishcon advertised a New York office, Mishcon was certainly conducting business in New York either directly or through its New York affiliate, and as such is subject to personal jurisdiction pursuant to CPLR 301.  Moreover, in light of Mr. Brown's concession that the Mishcon London office worked with the New York office in connection with its actions pertaining to the U.K. insolvency proceedings of Plaintiffs' English

affiliates, Mishcon is also subject to specific jurisdiction in New York in connection with this Arbitration pursuant to CPLR 302.

Finally, it is respectfully submitted that in light of the fact that our office is working remotely, it has been near impossible to secure the services of a professional process server since mid-March, and we have no way of knowing whether there is anyone present at the address identified by Mishcon as its New York office, substituted service by electronic mail upon the New York attorneys identified as having been partners at the Mishcon New York office, and upon Mr. Brown of the London office, be Ordered by the Court.

Service by e-mail is permitted if the address sought to be used has been demonstrated to be an active address used by the recipient, and the sending of such e-mail is calculated to give the recipient actual knowledge and an opportunity to be heard. This is particularly true with respect to overseas individuals, such as Mr. Brown. *See Sulzer Mixpac AG v. Medenstar Industries Co.*, 312 F.R.D. 329, 330 (S.D.N.Y 2015) (authorizing service of process upon a Chinese company at the e-mail address listed on its website for contact); *Elsevier, Inc. v. Chew*, 287 F.Supp.3d 374, 377 (S.D.N.Y. 2018) (same, authorizing e-mail service upon individuals where the record reflects that defendants use functional e-mail addresses to conduct business).

Here, both Mr. Whitman and Mr. Brown used the e-mail addresses set forth in the Order to Show Cause to communicate with our office, indicating both functional e-mail addresses, and a willingness to use e-mail to communicate with respect to this matter. Accordingly, it is respectfully submitted that service by electronic mail is appropriate in this case, and should be authorized by the Court.

**Conclusion**

For the reasons set forth herein and in the accompanying Declaration and exhibits, Plaintiffs respectfully request that the Court grant its motion in all respects, issue an Order of Contempt against Mishcon, Order that Mishcon comply with the Summons forthwith, impose sanctions against Mishcon as the Court deems proper, including an award to Plaintiffs of their costs in bringing this motion, including reasonable attorneys' fees, and grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 22, 2020

Respectfully submitted,

FEDER KASZOVITZ LLP

By: _____/s/_____
Murray L. Skala
David Sack
845 Third Avenue
New York, New York 10022
Telephone: (212) 888-8200

Attorneys for Plaintiffs