UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
TROIKA MEDIA GROUP, INC.,                                      :
TROIKA-MISSION HOLDINGS, INC.,                                 : Civil Action No.: 19-cv-00145 (ER)
MISSIONCULTURE LLC, MISSION-MEDIA                              :
HOLDINGS LIMITED, MISSION-MEDIA LTD.,                          :
and MISSION MEDIA USA INC.,                                    :
:
                                        Plaintiffs,            :
:
        -- against --                                          :
:
NICOLA STEPHENSON, JAMES STEPHENSON,:
and ALLMAC LLC,                                                :
:
                                        Defendants.            :
---------------------------------------------------------------x

## DECLARATION OF DAVID SACK

**DAVID SACK**, pursuant to 28 U.S.C. §1746, declares as follows:

1.   I am an attorney duly admitted to the Bars of the State of New York and of this Court. I am associated with Feder Kaszovitz LLP, attorneys for Plaintiffs herein.

2.   I make this Declaration upon personal knowledge, upon a review of the documents contained on the docket of this action, and upon a review of the documents submitted by the parties in connection with the JAMS Arbitration referenced herein.

3.   I make this Declaration in support of the motion of Plaintiffs (hereinafter, "Troika") for an Order, pursuant to 9 U.S.C. § 9, confirming the Final Award issued by the Arbitrator in the JAMS Arbitration on March 8, 2021 (the "Final Award"), and that the Court direct that the Clerk enter Judgment thereon, pursuant to Fed. R. Civ. P. 58(b)(2), in favor of Troika and against Defendants (hereinafter, the "Stephensons"), jointly and severally, in the amount of $877,899.07, plus interest of $15,802.31 bringing the total through May 20, 2021, the

return date of this motion, to $893,701.38 (and interest of $216.47 per day thereafter until the entry of Judgment).

4. This Declaration briefly recites the procedural history supporting Troika's motion, and attaches relevant documents. The accompanying Memorandum of Law refers to additional documents that are already on the Court's electronic docket, and not attached as exhibits hereto.

5. Troika respectfully refers to the accompanying Memorandum of Law in support of this motion as to the legal reasons why the motion should be granted.

**Exhibits**

6. Attached hereto as Exhibit 1 is a true and correct copy of the Partial Final Award issued by the Arbitrator in the Jams Arbitration on January 4, 2021.

7. Attached hereto as Exhibit 2 is a true and correct copy of the Final Award issued by the Arbitrator in the JAMS Arbitration on March 8, 2021.

8. Attached hereto as Exhibit 3 is a true and correct copy of Troika's letter to the Arbitrator of December 4, 2020, *inter alia*, setting forth the claims as to which Troika sought a ruling in the JAMS Arbitration.

9. Attached hereto as Exhibit 4 is a true and correct copy of an e-mail from the Stephensons' counsel to the Arbitrator, sent December 4, 2020, setting forth the claims as to which the Stephensons sought damages and other relief.

10. Attached hereto as Exhibit 5 is the file-stamped copy of Troika's pre-motion letter to the Court, dated March 17, 2021 (ECF Docket No. 104).

11. Attached hereto as Exhibit 6 is the file-stamped copy of the Stephensons' counsel's letter to the Court, dated March 25, 2021 (ECF Docket No. 105).

**Procedural History**

12. Troika commenced this action against the Stephensons on or about January 7, 2019, and sought immediate and preliminary injunctive relief as well as damages. (ECF Docket Nos. 1, 3-8) (Troika also sued Allmac LLC, its IT provider, in order to obtain injunctive relief pertaining to its e-mail and IT systems. Troika settled with Allmac and dismissed its claims against Allmac on November 19, 2019. (ECF Docket No. 89))

13. On January 8, 2019, the Court issued a TRO against the Stephensons (ECF Docket No. 3), which was subsequently converted into a preliminary injunction, and remains in effect pending the final disposition of this action.

14. On February 13, 2019, the Court issued a second preliminary injunction against the Stephensons (ECF Docket No. 37), which injunction remains in effect pending the final disposition of this action.

15. On January 25, 2019, the Stephensons commenced an arbitration proceeding against two of the Troika entities before the American Arbitration Association (the "AAA Arbitration) arising from Troika's termination of their employment.

16. On February 27, 2019, Troika filed an Amended Complaint in this action (ECF Docket No. 47), asserting further claims for damages against the Stephensons, *inter alia*, arising from their unlawful commencement of an insolvency proceeding in the U.K. against the Troika entities based in London.

17. On or about March 27, 2019, the parties stipulated to stay this action and mediate all of their claims, including the claims that were or could have been raised in this action, and those claims raised in the AAA Arbitration.

18. The parties further stipulated that if the mediation were to fail to resolve such claims, the parties would submit those claims to binding arbitration in JAMS, to be heard before a single arbitrator pursuant to the JAMS Comprehensive Arbitration Rules.

19. This Court "so ordered" the parties' stipulation on March 27, 2019. (ECF Docket No. 51)

20. Before the mediation could proceed, the Stephensons informed Troika that they were no longer interested in mediation, and wished to proceed directly to arbitration.

21. The parties so stipulated, and sought leave of this Court to proceed to arbitration immediately.

22. The Court "so-ordered" such stipulation on April 24, 2019. (ECF Docket No. 56)

23. Rather than proceeding in the orderly fashion contemplated by the parties' April 24, 2019 stipulation, with Troika commencing the arbitration and the Stephensons responding, on or about May 3, 2019, the Stephensons "jumped the gun" and filed a Demand for Arbitration against Troika in JAMS, improperly assuming the position of claimants.

24. The Stephensons' Demand was assigned JAMS Reference No.: 1425029686.

25. On or about May 10, 2019, Troika filed its own Demand for Arbitration with a Statement of Claims against the Stephensons, which was consolidated by JAMS under the same reference number, JAMS Reference No. 1425029686.

26. On or about May 10, 2019, the Stephensons filed an Amended Demand for Arbitration in the JAMS Arbitration.

27. On or about November 27, 2019, Troika filed an Amended Statement of Claims in the JAMS Arbitration.

28.     On or about January 23, 2020, the Stephensons filed a Second Amended Demand for Arbitration in the JAMS Arbitration.

29.     Neither the Stephensons' Demand for Arbitration, their Amended Demand for Arbitration, or their Second Amended Demand for Arbitration contained any claim relating to indemnification based on a on a speculative, future action that the landlord of Troika's Brooklyn premises may assert at some unspecified time against Troika. This relief was also not referenced on the list submitted by the Stephensons following closing arguments (Ex. 4), which contains all of the Stephensons' claims as to which they were seeking damages or other relief.

30.     In May 2019, Troika moved before this Court for an Order disqualifying the Stephensons' then counsel. (ECF Docket Nos. 63-65)

31.     On October 30, 2019, the Court granted Troika's motion and disqualified the Stephensons' former law firm. (ECF Docket No. 84)

32.     The parties to the JAMS Arbitration proceeded to take extensive party and non-party discovery from January through August 2020, and made their final pre-Hearing submissions to the Arbitrator on August 28, 2020.

33.     The Arbitrator held a twelve-day evidentiary Hearing on various dates between September 8, 2020 and October 8, 2020, at which he heard testimony from 9 percipient and 3 expert witnesses.

34.     On November 23, 2020, the parties submitted post-Hearing memoranda, and the Arbitrator held closing arguments on December 3, 2020.

35.     Following the closing arguments, the Arbitrator asked the parties for an additional written submission setting forth all of the claims as to which the respective parties were seeking a ruling. The parties made such submission on December 4, 2020 (Exs. 3 and 4).

36. On January 4, 2021, the Arbitrator issued the Partial Final Award (Ex. 1), which contained a money award in Troika's favor and against the Stephensons.

37. The Partial Final Award also directed the parties to update their interest and foreign currency exchange calculations for inclusion in the Final Award.

38. The parties made their supplemental submissions, including recalculations of interest and foreign currency exchange rates, and also made motions to correct or recalculate the award pursuant to Rule 24(j) of the JAMS Comprehensive Arbitration Rules.

39. On March 8, 2021, the Arbitrator issued the Final Award, which awarded Troika the sum of $877,899.07, inclusive of interest calculated as of such date.

40. The Final Award also provided the Stephensons with limited relief from their restrictive covenants, but expressly made such relief dependent upon payment in full of the $877,899.07 money award.

41. On March 15, 2021, the Arbitrator ruled on Troika's post-Final Award Rule 24(j) motion, which left the money award unchanged.

42. On March 17, 2021, Troika wrote this Court seeking leave to make a motion to confirm the Arbitrator's Final Award. (Ex. 5)

43. On March 25, 2021, the Stephensons responded to Troika's letter, and indicated that they would oppose a motion to confirm the Final Award. (Ex. 6)

44. On April 1, 2021, the Court held a pre-motion conference, and set a briefing schedule for Troika's motion to confirm.

**WHEREFORE**, for the reasons set forth herein and in the accompanying Memorandum of Law, Troika respectfully requests that that its motion be granted in full; that the Court issue an Order confirming the Arbitrator's Final Award pursuant to 9 U.S.C. § 9; that the Court direct that

the Clerk enter Judgment thereon, pursuant to Fed. R. Civ. P. 58(b)(2), in favor of Troika and against the Stephensons, jointly and severally, in the amount of $877,899.07, plus interest of $15,802.31, bringing the total through May 20, 2021, the return date of this motion, to $893,701.38 (and interest of $216.47 per day thereafter until the entry of Judgment); and that the Court grant Troika such other and further relief as it deems just and proper.

Executed at New York, New York on April 22, 2021.

I declare under the penalties of perjury that the foregoing is true and correct.

_____
David Sack