UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROIKA MEDIA GROUP, INC., TROIKA-MISSION HOLDINGS, INC., MISSIONCULTURE LLC, MISSION-MEDIA HOLDINGS LIMITED, MISSION-MEDIA LTD., and MISSION MEDIA USA INC.,

                    Plaintiffs,

– against –

NICOLA STEPHENSON, JAMES STEPHENSON, and ALLMAC LLC,

                    Defendants.

**ORDER**

19 Civ. 145 (ER)

Ramos, D.J.:

On June 29, 2021, the Court held a pre-motion conference regarding the Stephensons' anticipated motions to enjoin a second arbitration in this matter, and to lift the stay in this case to seek specific performance of a provision of the Equity Purchase Agreement ("EPA"). *See* Doc. 119.[1] For the reasons discussed below and further set forth on the record at the pre-motion conference, the Stephensons are denied leave to lift the stay and make their anticipated motion.

On March 27, 2019, the Court so-ordered the parties' stipulation that:

> [A]ny and all claims between them (the "Claims") (including but not limited to: (a) all claims asserted in this action; (b) all claims asserted in the Arbitration Statement the Stephensons filed with the American Arbitration Association, dated January 25, 2019, (c) all claims arising out of or related to the agreements, dated June 29, 2018, between any, some or all of the Plaintiffs, on the one hand, and either or both of the Stephensons, on the other hand: and (d) all claims arising out of or related to the business relationship between any, some, or all of the Plaintiffs on the one hand and either or both of the Stephensons, on the other hand) to Mediation before Magistrate Judge James L. Cott in the Southern District of New York at the earliest date convenient to Court.

---

[1] The Stephensons later withdrew their request to enjoin the second arbitration. *See* Doc. 121.

Doc. 51 at ¶ 1.

The Order further required that:

> If the Mediation does not result in a settlement of all the Claims between the Plaintiffs and the Stephensons, the Plaintiffs and the Stephensons agree to submit all of the Claims to binding arbitration before JAMS, pursuant to JAMS' Comprehensive Arbitration Rules.

Doc. 51 at ¶ 2.

On April 24, 2019, the parties requested to proceed directly to arbitration on all of the claims, pursuant to paragraph two of the March 27, 2019 order. *See* Doc. 55. This order was approved by the Court on April 24, 2019. Doc. 56.

The Stephensons' anticipated motion would address a dispute that is "related to the [Equity Purchase Agreement]" and that "aris[es] out of or [is] related to the business relationship between [the parties]." *See* Doc. 51 at ¶ 1. Thus, pursuant to ¶¶ 1–2 of the March 27, 2019 order, the dispute must be resolved in arbitration. The Court has considered the Stephensons' argument that the order contemplated only one arbitration because it references "*the* JAMS arbitration," but finds that the Order as a whole demonstrates a clear intention to submit "all of the Claims" to arbitration. *See* Doc. 51 at ¶ 2. This dispute therefore must be resolved in arbitration, and the Court accordingly denies leave to lift the stay make the anticipated motion. It is SO ORDERED.

Dated: June 29, 2021
New York, New York

_____
EDGARDO RAMOS, U.S.D.J.